

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00079-CR

---

FELLISIA MESHAUN FORD, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 15-0398X

---

Before Morriss, C.J., Moseley and Burgess, JJ.

# ORDER

On October 18, 2018, this Court entered its order abating this cause to the trial court for a sentencing hearing to be conducted within thirty days of our order and directing the trial court to (1) orally pronounce Fellisia Meshaun Ford's guilt with respect to each charge and (2) orally pronounce Ford's sentence, in her presence, on each charge. We also ordered that a reporter's record be made of the hearing and filed in this Court within twenty days of the hearing, together with a supplemental clerk's record containing the trial court's judgment.

In response, the State, on behalf of the trial court, has filed a motion stating that Ford is being held in the Upshur County Jail awaiting trial and asking this Court to extend the deadlines for compliance with our order until thirty days after Ford's court date in Upshur County, or until February 29, 2019. We deny the State's motion.

The trial court is hereby directed to issue any order necessary—to any official who has custody of Ford—to produce Ford for resentencing pursuant to this order. At that sentencing hearing, the trial court shall (1) orally pronounce Ford's guilt with respect to each charge and (2) orally pronounce sentence, in Ford's presence, on each charge. The sentencing hearing is to be conducted within twenty-one days of the date of this order. The reporter's record of the hearing shall be filed in the form of a supplemental reporter's record within ten days of the date of the hearing, together with a supplemental clerk's record containing the trial court's judgments.

Because the trial court, by pronouncing guilt and imposing the sentences in Ford's presence, is correcting a jurisdictional error, the judgments issued following the sentencing hearing shall not be judgments nunc pro tunc. Instead, they will be the only valid judgments in this case.

2

Consequently, each judgment shall properly reflect the date sentence is imposed as the date the trial court orally pronounces guilt and orally imposes sentence in each matter. Because Ford has been incarcerated since April 9, 2018, the trial court is directed to credit Ford, in each of the judgments, with all time served from and including April 9, 2018, through the date the sentences are imposed.

If the official who has custody of Ford refuses to comply with the trial court's order to produce Ford for resentencing pursuant to this order, then the trial court is ordered to file a motion for extension in this Court within twenty-one days of the date of this order. In addition to the requirements of Rule 10.5 of the Texas Rules of Appellate Procedure, the motion must state (1) the procedures the trial court employed to secure Ford's presence at a sentencing hearing, (2) the official's justification for refusing to comply with the trial court's order to produce Ford for resentencing, and (3) the binding legal precedent, if any, that the trial court believes prevents the trial court from enforcing its order to produce Ford for resentencing pursuant to the trial court's order and this order. *See* TEX. R. APP. P. 10.5.

All appellate timetables are stayed and will resume on our receipt of the supplemental record. On reinstatement, this Court will consider the merits of Ford's brief.

IT IS SO ORDERED.

BY THE COURT

Date : November 20, 2018